IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DENARD EAVES, ) | |
| ) | |
| Plaintiff, ) | No. 12 C 2986 |
| v. ) | |
| ) | Judge Robert W. Gettleman |
| THE VILLAGE OF DOLTON, THE VILLAGE OF ) | |
| DOLTON POLICE DEPARTMENT, SERGEANT ) | |
| LEWIS LACEY, POLICE OFFICER BRYAN ) | |
| CARIDINE, POLICE OFFICER DAMON ) | |
| GRIFFIN, POLICE OFFICER HENRY HARRIS, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Denard Eaves filed a four-count complaint against the Village of Dolton, its police department, and various police officers of the municipalities of Dolton and Harvey. The Village of Dolton, Bryan Caridine, Damon Griffin, and Lewis Lacey ("defendants") have moved to dismiss the two counts against them: false arrest, in violation of 42 U.S.C. 1983 (Count One), and a state law claim for respondeat superior (Count Two).[1] For the reasons described below, defendants' motion to dismiss is granted in part and denied in part.

## BACKGROUND[2]

Plaintiff, who is African-American and the Chief of Police of the Harvey Police Department, alleges that on April 23, 2010, he was at a bowling alley in the Village of Dolton.

---

[1] Plaintiff initially named Harvey Police Officer Andre Sneed as a defendant in his complaint. Sneed had previously filed a civil action against plaintiff in the Northern District of Illinois, No. 11 C 1923, and this court dismissed plaintiff's claims against Sneed as compulsory counterclaims under Fed. R. Civ. P. 13(a).

[2] The following facts are taken from plaintiff's complaint and are assumed to be true for purposes of this motion to dismiss. See Murphy v. Walker, 51 F.3d 714, 717 (7th Cir. 1995).

While plaintiff was at the bowling alley, Harvey police officers (and subordinates of plaintiff) Henry Harris and Andre Sneed stalked and recorded plaintiff's conversations with family and friends. Harris and Sneed then followed plaintiff in their vehicle when he departed the bowling alley, and one of the officers placed a call to 911 claiming that plaintiff was driving erratically. An unknown Cook County Sheriff responded to the 911 call and stopped plaintiff, but upon interacting with plaintiff and failing to observe any signs of intoxication, allowed plaintiff to continue on his way. Plaintiff then drove to a barbecue restaurant.

Harris and Sneed then contacted their former friends and colleagues in the Dolton Police Department, Bryan Caridine, Damon Griffin, and Lewis Lacey ("defendant officers"). Officer Lacey approached plaintiff at the restaurant and confirmed that plaintiff owned the truck parked outside. He then informed plaintiff that there had been a complaint that plaintiff was intoxicated and driving erratically. Officer Griffin placed plaintiff under arrest, and Officers Lacey and Griffin took plaintiff to the Dolton Police Station. While plaintiff was being processed, Dolton Police Chief Robert Fox was informed that plaintiff had been placed under arrest. Fox spoke with plaintiff and released him without charging him. While leaving the station, plaintiff observed Sneed outside the Dolton Police Station and was notified that Sneed was the complaining witness. Sneed subsequently made statements to other individuals that plaintiff had been driving while intoxicated.

## **DISCUSSION**

Defendants have moved pursuant to Rule 12(b)(6) to dismiss Counts One and Two for failure to state a claim upon which relief can be granted. In evaluating a motion to dismiss, the court accepts the complaint's well-pleaded factual allegations as true and draws all reasonable

2

inferences in the plaintiff's favor. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–56 (2007). A motion to dismiss for failure to state a claim tests the sufficiency of the complaint, not its merits. Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive such a motion, the complaint must allege sufficient facts that, if true, would raise a right to relief above the speculative level, showing that the claim is plausible on its face. Twombly, 550 U.S. at 555. To be plausible on its face, the complaint must plead facts sufficient for the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Defendants argue that Count One of the complaint should be dismissed because Officers Lacey, Griffin, and Caridine had probable cause to arrest plaintiff, and further, that they are entitled to a defense of qualified immunity. Defendants also argue that Count One should be dismissed as to Officer Caridine because the facts alleged do not sufficiently state a claim for false arrest as to Caridine.

As a preliminary matter, the only allegation that plaintiff makes against Officer Caridine is that Caridine received a communication from Sneed and Lacey. Plaintiff does not allege that Caridine was involved in the arrest in any manner. Therefore, plaintiff's complaint fails to allege facts to support a claim of false arrest against Caridine, and Caridine will be dismissed from Count One.

To state a claim for false arrest, a plaintiff must allege that he was restrained without reasonable grounds to believe that he committed an offense. Meerbrey v. Marshall Field & Co., 139 Ill.2d 455, 474, 151 Ill.Dec. 560, 564 N.E.2d 1222, 1231 (1990). If an officer has probable cause to believe that the individual he arrests was involved in criminal activity, then that

3

individual's claim for false arrest is foreclosed. Morfin v. City of E. Chicago, 349 F.3d 989, 997 (7th Cir. 2003) (collecting cases). Defendants argue that Officers Lacey and Griffin had probable cause to arrest plaintiff because, although they did not personally witness any crime, fellow officers reported that plaintiff had been driving erratically and was intoxicated, and it was reasonable for the officers to rely on the information provided by fellow police officers. Defendants also note that the officers took steps to confirm plaintiff's identity as the owner of the truck parked outside the restaurant before arresting plaintiff.

Under Seventh Circuit precedent, "[s]o long as a reasonably credible witness or victim informs the police that someone has committed, or is committing, a crime, the officers have probable cause to place the alleged culprit under arrest . . . ." Jenkins v. Keating, 147 F.3d 577, 585 (7th Cir. 1998). Information provided by a fellow law enforcement officer may serve as the basis for probable cause. Holmes v. Vill. of Hoffman Estate, 511 F.3d 673, 680 (7th Cir. 2007).

Plaintiff argues that Lacey and Griffin should not have relied solely on the report of their fellow officers because they themselves could have observed whether plaintiff was drunk. Because the time between when plaintiff was allegedly seen driving erratically and when the officers approached plaintiff in the restaurant was relatively short, plaintiff claims that the arresting officers should not have relied on the tip received and should have evaluated plaintiff's level of intoxication themselves.

According to the allegations of the complaint, Lacey and Griffin took no steps to verify whether plaintiff was intoxicated a short time before they encountered him at the restaurant. Erratic driving is sufficient to support reasonable suspicion of driving while intoxicated, United States v. Love, 350 F. App'x 70, 72 (7th Cir. 2009), but erratic driving alone does not establish

4

probable cause for an arrest for driving while intoxicated. Absent any further evidence tending to show that plaintiff had been drinking, the allegations of the complaint sufficiently state that the defendant officers lacked sufficient probable cause to arrest plaintiff.

Defendants argue that the complaint does not allege that Lacey and Griffin did not believe plaintiff was intoxicated, and therefore their probable cause determination was reliable. Regardless of plaintiff's failure to include an allegation of Lacey and Griffin's subjective beliefs, the court evaluates probable cause "not . . . as an omniscient observer would perceive them but on the facts as they would have appeared to a reasonable person *in the position of the arresting officer* - seeing what he saw, hearing what he heard." Mahoney v. Kesery, 976 F.2d 1054, 1057 (7th Cir. 1992) (emphasis in original). The allegations of the complaint do not establish that Griffin and Lacey had evidence to establish probable cause other than Sneed's and Harris's call stating that plaintiff was driving erratically. At this stage, plaintiff has sufficiently pled a claim for false arrest.

Defendant next argues that the officers are entitled to an affirmative defense of qualified immunity. In evaluating qualified immunity, the court utilizes a two-step test. Saucier v. Katz, 533 U.S. 194, 200 (2001), receded from by Pearson v. Callahan, 555 U.S. 223 (2009). Under the first step, taking the facts in the light most favorable to the non-moving party, the court asks whether the facts alleged show that the officer's conduct violated a constitutional right. Id. at 201. The court then must determine "whether the right was clearly established" at the time of the alleged injury. Id.

Defendants first argue that no constitutional violation occurred because probable cause existed. Having rejected that argument above, the court moves to defendant's second argument

5

that the defendant officers acted in good faith by relying on Sneed and Harris's information, and further, that their actions to confirm plaintiff's identity demonstrate good faith. The court finds, however, that (based on the allegations in the complaint) the defendant officers did not have probable cause to arrest plaintiff, and could not in good faith have relied on the insufficient information provided by fellow officers. Although the officers confirmed that plaintiff owned the vehicle in question, there is no allegation that the officers took any steps to confirm that plaintiff was intoxicated. The court can infer that the officers knew or should have known that the mere suggestion that plaintiff had been driving erratically was not sufficient to arrest plaintiff, especially given that plaintiff was no longer operating the vehicle. Finally, the court notes that the right to be free from unreasonable seizure and arrest was clearly established at the time of the violation. Therefore, the court denies defendants' motion to dismiss Count One.

Defendants also argue that Count Two of the complaint should be dismissed because there are no state law claims against any Dolton defendants. Alternatively, defendants claim that Count Two should be dismissed because a municipality cannot be held responsible for the §1983 violations of its employees under a theory of respondeat superior. Under Monell v. Dep't of Social Servs. of the City of New York, 436 U.S. 658 (1978), to properly allege a claim against a municipality, a plaintiff must allege facts regarding either: (1) an express policy that causes a constitutional deprivation when enforced; (2) a widespread practice that was so permanent and well settled as to constitute a custom or usage with the force of law; or (3) a constitutional injury caused by an official with final policymaking authority. Plaintiff's complaint does not allege facts sufficient to support any of these theories. Consequently, the court dismisses Count Two.

6

## CONCLUSION

For the reasons stated above, the court denies the motion by Lacey, Griffin, and the Village of Dolton to dismiss Count One. The court grants Caridine's motion to dismiss Count One, as well as defendants' motion to dismiss Count Two. The remaining defendants are directed to answer Count One of the complaint on or before June 2, 2014. This matter is set for a report on status on July 2, 2014, at 9:00 a.m.

**ENTER:** May 12, 2014

_____
**Robert W. Gettleman**
**United States District Judge**