# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| DENARD EAVES,<br><br>  Plaintiff,<br><br>  v.<br><br>LEWIS LACEY and DAMON GRIFFIN,<br><br>  Defendants. | Case No. 12 C 2986<br><br>Judge John Robert Blakey |

**MEMORANDUM OPINION AND ORDER**

This action arises from the purported arrest of Plaintiff Denard Eaves on April 23, 2010 for driving under the influence of alcohol. Plaintiff brings a § 1983 false arrest claim against two Village of Dolton officers involved in the arrest: Sergeant Lewis Lacey and Officer Damon Griffin. Plaintiff also had brought other claims, but they were denied at the motion to dismiss stage [15] [44] [45]. Defendants now move [82] for summary judgment. That motion is granted.

## I. Legal Standard

Summary judgment is appropriate if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. *Spurling v. C & M Fine Pack, Inc.*, 739 F.3d 1055, 1060 (7th Cir. 2014). A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party seeking summary judgment has the burden of establishing that there is no genuine dispute as to any

material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In determining whether a genuine issue of material fact exists, this Court must construe all facts and reasonable inferences in the light most favorable to the nonmoving party, here, Plaintiff. *CTL ex rel. Trebatoski v. Ashland School District*, 743 F.3d 524, 528 (7th Cir. 2014).

**II. Facts[1]**

On April 23, 2010 sometime before 7:00 p.m., Plaintiff Denard Eaves, who is the Chief of the Harvey Police Department, drove to the Dolton Bowl (a bowling alley) in his white 1996 Dodge Ram to bowl. DSOF ¶¶ 7-8, 20, 27. Plaintiff testified that he had "more than one" cup of beer at the Dolton Bowl, but does not remember whether he had more than five or ten cups. DSOF ¶ 9; *Sneed v. Fox* Eaves Dep. at 87.

Sometime thereafter, Plaintiff left the Dolton Bowl and, eight to ten minutes later, arrived at the I-57 Rib House. DSOF ¶¶ 11-12. While Plaintiff was parking, a Cook County Sheriff's Officer pulled up behind Plaintiff with his lights activated. DSOF ¶ 13. The Officer told Plaintiff that he had changed lanes without using his turn signal, and, after learning that Plaintiff too was a police officer, did not issue a ticket or arrest Plaintiff. DSOF ¶ 14. Plaintiff then went inside the I-57 Rib House to order food. DSOF ¶ 20.

---

[1] The facts are taken from the parties' Local Rule 56.1 statements and the exhibits thereto. "DSOF" refers to Defendants' statement of undisputed facts [84], with Plaintiff's responses [94]. "PSOF" refers to Plaintiff's statement of additional facts [94], with Defendants' responses [96].

2

Around this time, Sergeant Lewis Lacey, who presumably was on patrol, received a radio call from the Village of Dolton Dispatch ("Dispatch") reporting a complaint about an intoxicated individual in the vicinity who had left a bowling alley and was driving erratically. DSOF ¶¶ 15-17; PSOF ¶ 1. Sergeant Lacey did not personally observe Plaintiff driving erratically. PSOF ¶¶ 3, 7. Dispatch provided a description of the individual and his vehicle—a white truck—to Sergeant Lacey. DSOF ¶ 18. Sergeant Lacey believed Dispatch also told him that the complainant was following the intoxicated individual. DSOF ¶ 16. The complainant is City of Harvey Police Officer Andre Sneed, DSOF ¶ 52, yet the parties do not state in their Local Rule 56.1 statements when Sergeant Lacey learned of the complainant's identity.

Sergeant Lacey began searching for a vehicle that matched Dispatch's description and spotted an unoccupied vehicle matching that description outside the I-57 Rib House. DSOF ¶ 19. While Plaintiff was ordering food, Sergeant Lacey came inside the I-57 Rib House and asked for the owner of the white truck parked outside. DSOF ¶ 20. Plaintiff identified himself as the owner, and Sergeant Lacey asked him to step outside. DSOF ¶¶ 20-21.

While outside, Sergeant Lacey informed Plaintiff that the Dolton Police Department had received information that Plaintiff had been drinking and driving. DSOF ¶ 24. Sergeant Lacey smelled alcohol on Plaintiff's breath and observed that Plaintiff's eyes were glassy. DSOF ¶ 26. Plaintiff, for his part, acknowledged that he had a few drinks and added that he had come to the I-57 Rib House from a

3

bowling alley. DSOF ¶¶ 23, 25. Plaintiff also identified himself as the Chief of the Harvey Police Department. DSOF ¶ 27.

While Sergeant Lacey was speaking with Plaintiff, Officers Bryan Caridine and Damon Griffin arrived. DSOF ¶ 32. Sergeant Lacey instructed Officer Griffin to escort Plaintiff to the Dolton Police Station. DSOF ¶ 33. Sergeant Lacey explained to Plaintiff that he was being taken to the Dolton Police Station because, among other reasons, Sergeant Lacey was not a breathalyzer officer (so, presumably, he could not administer an on-site breathalyzer test). DSOF ¶¶ 29-30, 34; PSOF ¶ 4. Plaintiff told Sergeant Lacey that had had no objection to going to the Dolton Police Station. DSOF ¶ 31. Plaintiff rode to the Station in the back of a squad car. DSOF ¶ 41.

Later at the Dolton Police Station, however, no breathalyzer test or field sobriety tests were performed and Plaintiff was not formally arrested or charged with any crime. DSOF ¶¶ 48, 53, 57. Instead, after Sergeant Lacey and Plaintiff arrived at the Dolton Police Station, Robert Fox, the Chief of Police for the Village of Dolton, called and told Sergeant Lacey not to do anything and that he was coming to the Station. DSOF ¶ 49. Chief Fox had known Plaintiff for seven or eight years by that time. DSOF ¶ 50. Upon later arriving at the Station, Chief Fox told Plaintiff to get his stuff and that they were going to leave. DSOF ¶ 51. Chief Fox testified that, while observing Plaintiff at the Dolton Police Station at that point in time, he did not smell alcohol on Plaintiff, or observe blurred eyes or slurred speech. PSOF ¶ 10.

4

## III. Analysis

Setting aside whether Plaintiff was in fact seized or arrested for purposes of maintaining a § 1983 false arrest claim (and the parties dispute this point), this Court begins by considering whether Defendants had probable cause to believe that Plaintiff was driving under the influence of alcohol in violation of 625 ILCS 5/11-501. The answer to this question resolves Plaintiff's § 1983 claim that his purported arrest was unlawful, both on the merits and for purposes of Defendants' claim to qualified immunity. *Williams v. Rodriguez*, 509 F.3d 392, 398 (7th Cir. 2007); *Qian v. Kautz*, 168 F.3d 949, 953 (7th Cir. 1999). That is because probable cause is an "absolute defense" to any § 1983 claim against police officers for wrongful arrest. *Williams*, 509 F.3d at 398 (internal quotations omitted); *see also Mustafa v. City of Chicago,* 442 F.3d 544, 547 (7th Cir. 2006).

While the existence of probable cause often is a jury question, summary judgment is appropriate when, as here, there is no room for a difference of opinion concerning the material facts or the reasonable inferences to be drawn from them. *Qian*, 168 F.3d at 959. Police officers possess probable cause to arrest when the facts and circumstances within their knowledge and of which they have reasonably trustworthy information are sufficient to warrant a prudent person in believing that the suspect had committed an offense. *Williams*, 509 F.3d at 398; *Mustafa*, 442 F.3d at 547. Probable cause is not evaluated by this Court based upon "the facts as an omniscient observer would perceive them," but instead is determined by the facts "as they would have appeared to a reasonable person in the position of the arresting

5

officer." *Williams*, 509 F.3d at 398-99 (internal quotations omitted). Whether this information actually proved to be true is irrelevant. *Maniscalco v. Simon*, 712 F.3d 1139, 1143 (7th Cir. 2013). Probable cause requires "more than a bare suspicion but need not be based on evidence sufficient to support a conviction, nor even a showing that the officer's belief is more likely true than false." *Woods v. City of Chicago*, 234 F.3d 979, 996 (7th Cir. 2000).

Here, assuming that Defendants seized or arrested Plaintiff for driving under the influence, they would have had probable cause to do so. Instructive is *People v. Boomer*, 757 N.E.2d 960, 963-64 (Ill. App. Ct. 2001), where the Illinois Appellate Court surveyed Illinois cases and found that probable cause exists for an arrest under § 11-501 where: (1) the officer smelled alcohol on the driver; and (2) there are other indicia of intoxication, such as slurred speech or glassy eyes. *See also People v. Lurz*, 885 N.E.2d 433, 440-41 (Ill. App. Ct. 2008); *People v. Wingren*, 521 N.E.2d 130, 135-36 (Ill. App. Ct. 1988).

While *Boomer*, *Lurz* and *Wingren* all were, unlike here, direct criminal appeals resolving motions to quash arrests, the Seventh Circuit has looked to such state criminal decisions when establishing the existence of probable cause in corresponding § 1983 false arrest actions, such as in *Seiser v. City of Chicago*, 762 F.3d 647, 655 (7th Cir. 2014), and in *Maniscalco*, 712 F.3d at 1144. *See also Wells v. City of Chicago*, No. 97-1675, 1999 WL 169333, at *6 (N.D. Ill. March 16, 1999), *affirmed*, 1 Fed. Appx. 515 (7th Cir. 2001) (finding probable cause and citing *Wingren*); *Jacobson v. Adams*, No. 92-20123, 1995 WL 254418, at *6 n.12 (N.D. Ill.

6

April 26, 1995) (same). Indeed, these Illinois state decisions align with Seventh Circuit § 1983 false arrest cases in determining the existence of probable cause for driving under the influence. *Compare Seiser*, 762 F.3d at 653-55 (finding probable cause where the witnesses stated that they observed the driver drinking and the officer smelled alcohol on the driver and found him to be uncooperative), *and Qian*, 168 F.3d at 954 (finding probable cause where the driver lost control of his car and the officer observed impaired walking and slurred speech), *with Maniscalco*, 712 F.3d at 1144 (not finding probable cause where the driver exhibited certain unidentified signs of intoxication, but there was no evidence of erratic driving or any other traffic violations).

The undisputed facts here fall squarely within the evidence required to establish probable cause for an arrest under § 11-501. They warrant, as shown below, a reasonable person in Defendants' shoes believing that Plaintiff was driving under the influence of alcohol:

- Dispatch relayed to Sergeant Lacey a complaint about an intoxicated individual who had left a bowling alley and was driving erratically;

- Plaintiff's vehicle matched the description provided by Dispatch;

- Plaintiff told Sergeant Lacey that he had left a bowling alley (and thus had traveled in his vehicle to the I-57 Rib House);

- Plaintiff also told Sergeant Lacey that he had been drinking;

- Sergeant Lacey smelled alcohol on Plaintiff's breath; and

- Sergeant Lacey observed that Plaintiff's eyes were glassy.

7

DSOF ¶¶ 15-20, 23, 25-26. Thus, not only did Sergeant Lacey smell alcohol on Plaintiff's breath, but he also observed other indicia of intoxication—Plaintiff had glassy eyes and was reported as having driven erratically—as required to establish probable cause.

None of Plaintiff's responses get him far. Even though there is no dispute that Plaintiff had been drinking at the Dolton Bowl and had admitted as much to Sergeant Lacey, DSOF ¶¶ 9, 25, Plaintiff nonetheless disputes Sergeant Lacey's testimony that he smelled alcohol on Plaintiff's breath outside the I-57 Rib House. Response to DSOF ¶ 26. Plaintiff does not rely on direct evidence, however, but rather relies on inferences that do not actually deny the fact that Sergeant Lacey smelled alcohol on Plaintiff's breath. Chief Fox testified that he did not smell alcohol on Plaintiff at the Dolton Police Station, PSOF ¶ 10, but that fact does not refute that Sergeant Lacey did smell alcohol several hours earlier, nor does the fact that a Cook County Sheriff's Officer also spoke with Plaintiff at the I-57 Rib House parking lot but did not arrest him for driving under the influence. *See* DSOF ¶ 14. The Seventh Circuited rejected a similar argument in *Williams*, 509 F.3d at 396 n.1. To refute that the officer had smelled alcohol on him, the driver in *Williams* argued that he had not had anything to drink but, as here, that did not undermine the officer's belief that he smelled alcohol on the driver.

Plaintiff next argues that Sergeant Lacey could not rely on the information provided by Dispatch to create probable cause to arrest him. Plaintiff argues that, in the cases where police officers relied on third-party information as part of their

8

probable cause determination, such information could not also have been perceived by the officers themselves. Assuming that is a correct statement of law (which this Court need not even address), it would not change the outcome here. Sergeant Lacey personally observed that Plaintiff smelled of alcohol and had glassy eyes, and he did not need to rely on Dispatch for that information. DSOF ¶ 32. Instead, Sergeant Lacey relied on Dispatch for the additional fact that Plaintiff was driving erratically because, as Plaintiff himself argues, PSOF ¶¶ 3, 7, Sergeant Lacey did not personally observe his driving. Whether Dispatch (or the complainant) in fact was correct about Plaintiff's driving is immaterial to Sergeant Lacey's probable cause determination. *United States v. Mounts*, 248 F.3d 712, 715-16 (7th Cir. 2001) (also considering information provided by dispatch to police officers).

Plaintiff last argues in passing that Sergeant Lacey conspired with the complainant (Officer Sneed) to manufacture a basis for arresting Plaintiff. That argument, however, lacks any factual basis in the Local Rule 56.1 statements; and this Court has no obligation to parse the record to find one. *Gross v. Town of Cicero, Illinois*, 619 F.3d 697, 702-03 (7th Cir. 2010). Likewise, in *Maniscalco*, 712 F.3d at 1144-45, the Seventh Circuit also rejected a conspiracy argument that lacked any basis from which a reasonable jury could infer that the defendant police officers contrived the victim statements that supplied the basis for arresting the driver.

For these reasons, Defendants had probable cause to arrest Plaintiff or otherwise are entitled to qualified immunity. Defendants' summary judgment motion thus is granted as to Plaintiff's § 1983 false arrest claim (Count I), and this

Court need not consider Defendants' alternative argument that Plaintiff was never seized or arrested as required to maintain a § 1983 false arrest claim. Defendants also move for summary judgment on Plaintiff's *respondeat superior* claim (Count II) against the Village of Dolton, but that claim was previously dismissed [44] [45].

## IV. Conclusion

Defendants' motion for summary judgment [82] is granted, and Plaintiff has no remaining claims. Judgment thus is entered in favor of Defendants on Plaintiff's Complaint. Civil case terminated.

Dated: October 22, 2015

Entered:

_____
John Robert Blakey
United States District Judge